IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| AMY RENEE PHILLIPS, | ) | CASE NO.5:20-CV-02215 |
| | ) | |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| | ) | MEMORANDUM OPINION AND |
| COMMISSIONER OF SOCIAL SECURITY, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

**Introduction**

Before me[1] is an action under 42 U.S.C. § 405(g) by Amy Renee Philips seeking judicial review of the 2020 decision of the Commissioner of Social Security that denied Phillips' 2018 application for disability insurance benefits and supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative

---

[1] The parties have consented to my exercise of jurisdiction and the matter was transferred to me by United States District Judge John R. Adams. ECF No. 20.
[2] ECF No. 1.
[3] ECF No. 11.

proceedings.[4] Pursuant to my initial[5] and procedural[6] orders, the parties have briefed their positions[7] and filed supplemental fact sheets and charts.[8] The parties have met and conferred with the goal of clarifying or reducing the issues.[9] They have participated in a telephonic oral argument.[10]

For the reason stated below, the decision of the Commissioner will be affirmed.

**Facts**

Phillips, who was 41 years old at the time of the hearing,[11] lives with her two daughters, her son and two grandchildren.[12] She has a GED[13] and has past relevant work as a machinist, fast food clerk and general inspector.[14] Of some relevance, in January 2018 she attempted suicide by overdosing on gabapentin.[15]

The ALJ found that her severe impairments were: chronic obstructive pulmonary disease (COPD), diabetes mellitus, left biceps tendinitis, disorder of the left rotator cuff, multiple joint pain/myalgia, trauma and stressor related disorder, anxiety disorder, bipolar

---

[4] ECF No. 12.
[5] ECF No. 6.
[6] ECF No. 13.
[7] ECF Nos. 15 (Phillips), 17 (Commissioner), 18 (Phillips reply), 24 (Commissioner supplement), 25 (Phillips reply).
[8] ECF No. 15, Attachments Phillips), 17, Attachment (Commissioner).
[9] ECF No. 21.
[10] ECF No. 23.
[11] Tr. at 24.
[12] *Id*. at 42.
[13] ECF No. 15, Attachment at 1.
[14] Tr. at 24.
[15] *Id*. at 381-89.

disorder/major depressive disorder, and attention deficit hyperactivity disorder (ADHD).[16] The ALJ then determined that Phillips does not have an impairment or combination of impairments that meet or medically equal a listing.[17] In making this determination, the ALJ specifically considered Listings 1.02 (major dysfunction of a joint), 3.02 (chronic pulmonary insufficiency), 12.04 (depressive, bipolar and related disorders), 12.06 (anxiety and obsessive-compulsive disorders), 12.11 (neurodevelopmental disorders) and 12.15 (trauma and stressor-related disorders).[18] As regards the paragraph B criteria of Listings 12.04, 12.06, 12.11 and 12.15, the ALJ found that Phillips only moderate limitations in all four areas of functioning.[19]

Phillips was then found to have an RFC for light work, with certain additional physical and mental limitations.[20] In formulating the RFC, the ALJ considered Phillips' testimony as to her symptoms and her daily activities, as well as the clinical record.[21] The ALJ also determined that Phillips' allegations of limiting symptoms were inconsistent with the evidence.[22] To that point, the ALJ noted, *inter alia*, that Phillips has a history of non-compliance with medical recommendations and that she reported only mild to moderate

---

[16] *Id.* at 17-18.
[17] *Id.* at 18.
[18] *Id.*
[19] *Id.* at 19.
[20] *Id.* at 20.
[21] *Id.* at 20-22.
[22] *Id.* at 22.

symptoms to counselors at Phoenix Rising,[23] where Phillips received care beginning in April 2018.[24]

The ALJ then found the opinions of both the state agency psychological and medical consultants to be persuasive.[25] However, the ALJ found the medical source statement from Joanne Vaccani, CNS,[26] to be unpersuasive.[27] On that point, the ALJ concluded that Vaccani's statement that Phillips would be unable to meet the competitive standards in a work setting and miss more than four work days per month was inconsistent with Phillips' positive response to medication, her "mostly unremarkable" symptoms as reported to Phoenix Rising, and the lack of evidence for "hallucinations, delusions, obsessions, compulsions, cognitive disorder, current suicidal/homicidal ideation, or other serious issues."[28]

The ALJ also found the third-party function report of Phillips' daughter to be unpersuasive.[29]

After finding that Phillips was unable to perform any of her past relevant work,[30] the ALJ, with the assistance of testimony from a VE, then determined that Philips could perform the duties of order caller, collator operator and merchandise marker and further

---

[23] *Id*.
[24] *Id*. at 464-74.
[25] *Id*. at 23.
[26] Clinical nurse specialist.
[27] Tr. at 23.
[28] *Id*.
[29] *Id*.
[30] *Id*. at 23-24.

found that significant numbers of jobs exist in the national economy for all identified occupations.[31]

Accordingly, Phillips was found not disabled.[32]

## Analysis

This matter is adjudicated under the well-established substantial evidence standard, which need not be restated. Further, the treatment of the opinion evidence is analyzed under the newer rubric which focuses on the persuasiveness of such opinions. That standard is also well-known and need not be restated here.

Phillips raises multiple issues for judicial review:

1.  Does the RFC lack substantial supporting evidence, namely, did the ALJ fail to properly consider the applicable listings in light of the evidence and did he err in his evaluation of the opinion of Joanne Vaccani of Phoenix Rising.

2.  Did the ALJ err in finding Phillips' own testimony about the disabling nature of her symptoms less than credible, and further err in finding the function report of her daughter not persuasive.

3.  Did the ALJ err at Step Five by failing to include a preclusion of interaction with supervisors, coworkers and the public in the hypothetical posed to the VE.[33]

---

[31] *Id*. at 25.
[32] *Id*.
[33] ECF No. 15 at 1.

The issues raised largely center on four complaints about the evidence cited to support the RFC.

First, Phillips argues that the ALJ erred in finding that she could stand/walk for six hours, which is necessary to support an ability to do light work, when medical evidence, some developed after the state agency reviewers submitted their opinions, showed pain and tenderness in her lower extremities.[34]

Next, Phillips asserts that the ALJ minimized or improperly discounted the existence of suicidal thoughts.[35]

Further, Phillips maintains that the ALJ improperly discounted her own complaints of disabling symptoms, as well as the function report of her daughter.[36]

Finally, Phillips contends that it was error to find the July and October 2018 function reports of the state agency reviewers more persuasive than the October 2019 function report[37] of Joanne Vaccani of Phoenix Rising.[38]

Addressing first the treatment of the 2019 Vaccani function report. I note preliminarily that the Commissioner seeks to support the ALJ's finding of not persuasive by mentioning that Vaccani prepare her report using a check-box form.[39] While it is true

---

[34] ECF Nos. 15 at 10, 18 at 2.
[35] ECF No. 15 at 11-12, ECF No. 18 at 2.
[36] ECF No. 15 at 12-13.
[37] Tr. at 556-57.
[38] ECF Nos. 15 at 12-15, 18 at 3.
[39] ECF No. 17 at 4.

that, standing alone, such forms may be found to "weak evidence" when there are no supporting medical findings.[40] It is also true that use of such forms is common with medical sources cited by both claimants and the Commissioner, and rejecting them purely on the basis of the check-box format is a classic instance of form over substance. The key, as with any reporting format, is whether the opinion is supported by the evidence.

That said, the ALJ, who did not directly address the form of Vaccani's opinion, did consider the evidence as a whole and found the opinion inconsistent with the evidence, as was detailed above. Moreover, he also found Vaccani's "extreme limitations" contradicted by her treatment note that Phillips' prognosis is "good, but chronic – lifetime."[41]

While Phillips argues that such an explanation by the ALJ was at variance with various individual treatment notes[42] and/or was a "coherent explanation,"[43] I find no error in the ALJ's reasoning or conclusion. The ALJ's reasoning is capable of meaningful judicial review and the finding as to persuasiveness is supported by substantial evidence cited in the text of the opinion.

Next, as to the opinion of the state agency reviewers that, despite Phillips' knee and ankle problems, she could perform light work, I also find no error here. Phillips' contention that the state agency opinions are fatally flawed because they were issues prior to later evidence that came into the record is not supported by case law which permits an ALJ to

---

[40] *Hernandez v. Comm'r*, 644 Fed. App'x 468, 475 (6th Cir. 2016).
[41] *Id*. at 556.
[42] ECF No. 18 at 3 (citing transcript).
[43] *Id.*

rely on an older opinion so long as the ALJ considered the medical evidence developed after those opinions.[44]

Here, the evidence pertaining to physical limitations cited by Phillips[45] as being developed after the state agency reports, are treatment notes by Dr. Ranjan from a May 2018 examination.[46] Contrary to Phillips's suggestion, but consistent with case law, the ALJ expressly addressed this examination in some detail in his opinion.[47] The ALJ found that although Dr. Ranjan found "multiple joint pain, myalgia, biceps tendinitis of the left upper extremity and disorder of the left rotator cuff,"[48] he ultimately found nothing suggestive of arthritis or fibromyalgia and found Phillips to have a normal gait.[49] Moreover, his follow up instructions were for an x-ray of the shoulder and physical therapy sessions – neither of which refute, undermine or call into question the physical limitations opined by the state agency sources that did not review this record.

In addition, as to psychological evidence submitted after the state agency sources submitted their opinions, that evidence largely consists of additional reports of panic attacks and Phillips' own testimony as well as that of her daughter. But, as the Commissioner points out, the state agency reviewers were aware that Phillips suffered from panic attacks.[50] Further, as the Commissioner also points out, the ALJ was not required to

---

[44] *McGrew v. Comm'r*, 343 Fed. App'x 26, 32 (6th Cir. 2009).
[45] ECF No. 18 at 2.
[46] Tr. at 426-28.
[47] *Id.* at 21.
[48] *Id.*
[49] *Id.*
[50] ECF No. 17 at 6 (citing record).

accept the opinion of Phillips's daughter or Phillips' own subjective complaints. As to Phillips' own testimony, the ALJ extensively reviewed it in the opinion.[51] Likewise, the ALJ considered the report by Phillips' daughter, which the ALJ found "generally reflect the same allegations made by [Phillips]."[52]

I find no error in how the ALJ assessed the persuasiveness of the opinions of state agency sources in light of subsequently developed evidence, nor in how the ALJ assessed the persuasiveness of the testimony of Phillips and her daughter as to any functional limitations.

As to whether the ALJ properly took into account Phillips's suicide attempt, the ALJ's opinion shows that he examined the treatment records of Phillips' time at Phoenix Rising and found no reports of "current suicidal/homicidal ideation."[53] Thus, despite the fact that the records show Phillips had suicidal thoughts in 2018,[54] the ALJ did not ignore that evidence but rather reviewed the evidence of past suicidal episodes[55] and concluded with the 2019 treatment note from Phoenix Rising, cited earlier, that reflected no current suicidal ideations, as well as citing Phillips' own testimony where 'she denied suicidal/homicidal ideation, delusions, or hallucinations."[56]

---

[51] Tr. at 21-22.
[52] *Id.* at 23.
[53] *Id.* at 22.
[54] *See*, ECF No. 18 at 2 (citing record).
[55] Tr. at 21.
[56] *Id.* at 22.

Accordingly, I find no error in how the ALJ addressed Phillips' record as regards suicide.

Finally, as to an issue that arose during oral argument, I find that substantial evidence supports the ALJ's finding that Phillips did not meet either the paragraph B or C criteria of the mental health listings. As the Commissioner points out, two opinions by state agency sources support that Step Three finding.[57]

## Conclusion

For the reasons stated, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

Signed by:

Dated: March 31, 2022                    s/William H. Baughman Jr.

United States Magistrate Judge

---

[57] ECF No. 24 at 1-2, citing tr. at 106-07, 122-23; *Wamsley v. Comm'r*, 2018 WL 6732868, at *3 (N.D. Ohio Nov. 14, 2018) (citation omitted). In *Wamsley*, I further observed that despite a "substandard" articulation by the ALJ at Step Three, the severity of a mental impairment that is reflected in the paragraph B criteria is not equivalent to the mental residual functional capacity assessment at Steps Four and Five, which finding requires "a more detailed assessment." *Wamsley,* 2018 WL 6732868, at *3 fn. 27.